IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BIG TIME TOYS, LLC, et al.      )
                                 )
v.                               ) NO. 3-14-1350
                                 ) JUDGE CAMPBELL
BUZZ BEE TOYS, INC., et al.      )

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss or, in the Alternative, to Transfer (Docket No. 48). For the reasons stated herein, Defendants' Motion is DENIED.

FACTS

This action arises from alleged trademark and trade-dress infringement of Plaintiffs' toys by Defendants Buzz Bee Toys, Inc. ("Buzz Bee") and Jeffrey Zimmerman. Defendants contend that the Court lacks personal jurisdiction over them and that this action should be dismissed. Alternatively, Defendants ask the Court to transfer this case to New Jersey, which Defendants allege is a more convenient forum.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## PERSONAL JURISDICTION

The party seeking to establish the existence of personal jurisdiction bears the burden to establish such jurisdiction. *Beydoun v. Wataniya Restaurants Holding,* 768 F.3d 499, 504 (6th Cir. 2014). When, as here, the Court rules on a jurisdictional motion to dismiss without conducting an evidentiary hearing, the Court must consider the pleadings and affidavits in a light most favorable to the plaintiff. *Id.* To defeat such a motion to dismiss, the plaintiff need only make a *prima facie* showing of jurisdiction. *Id.* In that instance, the burden on the plaintiff is "relatively slight," and the Court should not weigh the controverting assertions of the party seeking dismissal. *Air Products and Controls, Inc. v. Safetech Int'l., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Where a federal court's subject matter jurisdiction arises under a federal question, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Tennessee's long-arm statute has been interpreted to be coterminous with the limits of personal jurisdiction imposed by the Due Process Clause, and the jurisdictional limits of Tennessee law and of federal constitutional law of due process are identical. *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005).

When determining whether a district court's exercise of personal jurisdiction would offend due process, the relevant inquiry is whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice. *Beydoun*, 768 F.3d at 505. The Sixth Circuit has articulated a three-part test to guide this determination. First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.*[1]

Purposeful availment is present where the defendant's contacts with the forum state proximately result from actions by the defendant itself that create a substantial connection with the forum state and where the defendant's conduct and connection are such that it should reasonably anticipate being haled into court in the forum state. *Beydoun*, 768 F.3d at 505-06. The emphasis in the purposeful availment inquiry is whether the defendant has engaged in some overt actions connecting the defendant with the forum state. *Id*. at 506.[2]

---

[1] There are two kinds of personal jurisdiction, general and specific. The Plaintiffs do not appear to be asserting general jurisdiction, so the Court will focus on specific jurisdiction.

[2] Purposeful availment is something akin to a deliberate undertaking to do or cause an act or thing to be done in the forum state or conduct which can be properly regarded as a prime generating cause of the effects resulting in the forum state, something more than a passive availment of the forum state's opportunities. *Bridgeport Music, Inc. v. Still N the Water Publishing*, 327 F.3d 472, 478 (6th Cir. 2003).

Plaintiffs' First Amended Complaint (Docket No. 25) alleges that Defendant Buzz Bee is a New Jersey corporation with its principal place of business in New Jersey and no registered agent for service of process in Tennessee. The First Amended Complaint also alleges that Defendant Zimmerman is a resident of New Jersey.

Plaintiffs' First Amended Complaint alleges that this Court has personal jurisdiction over Buzz Bee because Buzz Bee, itself and through its closely-related sister company, Buzz Bee HK, has sold and continues to sell the infringing products to Target, with the knowledge that Target has several stores in Tennessee and with the expectation that Target will sell the infringing products in Tennessee. The First Amended Complaint also alleges that Defendant Zimmerman oversees the design, manufacture and sales of all Buzz Bee toys, including the sale of infringing toys through Target retail stores in Tennessee. Plaintiffs allege that both Defendants are subject to the personal jurisdiction of this Court because tortious acts that are the subject of this action were committed in Tennessee. Docket No. 25.

As noted above, Plaintiffs must make only a *prima facie* showing that personal jurisdiction exists, and the Court should not weigh the controverting assertions of Defendants.[3] Defendants rely on two Declarations of Defendant Zimmerman and argue that this Court lacks personal jurisdiction over them because neither of them has sufficient contacts with Tennessee to subject them to this jurisdiction. The Court cannot weigh the controverting assertions of Defendants' submitted Declarations for purposes of this Motion, however.

---

[3] The Court finds that, even if it had considered the Declarations submitted by Defendants on this Motion, Plaintiffs still have carried their burden of establishing a *prima facie* showing of personal jurisdiction.

4

Defendant Buzz Bee also asserts, again relying upon the Declarations of Defendant Zimmerman, that it does not directly distribute, directly sell or directly ship products to Tennessee. It claims that its products are manufactured and sold by Buzz Bee HK (its sister company) to retailers, not directly to consumers. Buzz Bee claims that it does not direct or control the manner in which retailers sell Defendants' products in Tennessee.

Plaintiffs, on the other hand, citing Declarations of Defendant Zimmerman in another lawsuit, contend that Defendants not only design their products, but they also direct the manufacture, marketing and sale of those products. Plaintiffs allege that Defendant Zimmerman makes sales presentations to retailers, including Target, attempting to get them to buy Defendants' products. Plaintiffs also claim that Defendant Buzz Bee receives orders for these products and provides customer service for consumers. Plaintiffs argue that, by choosing a national retailer like Target for their products, Defendants certainly knew and expected that their products would be sold nationwide, including in the Target stores in Tennessee.

The Court finds that Plaintiffs have carried their *prima facie* burden of showing purposeful availment by Defendants sufficient to survive a Motion to Dismiss.

With regard to the second factor, whether the cause of action arose from Defendants' activities here, the Court finds that Plaintiffs have satisfied that burden as well. Plaintiffs' First Amended Complaint alleges that Defendants have sold the infringing toys in Tennessee. The alleged infringement took place wherever the subject toys were sold, including Tennessee.

Finally, the Court finds that exercise of personal jurisdiction over Defendants in this case is reasonable. Defendants' sale of toys to a national and nationally known retailer, with numerous

stores in Tennessee, puts Defendants on notice that they could be sued in the states in which their products were sold.

For these reasons, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is DENIED.

MOTION TO TRANSFER

Defendants alternatively seek transfer of this action to New Jersey, pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Ordinarily, the burden of proving that transfer is warranted is on the moving party and the burden is a substantial one. *Smith v. Kyphon, Inc.*, 578 F.Supp.2d 954, 958 (M.D. Tenn. 2008). As the permissible language of the transfer statute suggests, district courts have broad discretion to determine when party convenience or the interest of justice makes a transfer appropriate. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

In reviewing a motion to transfer, the court is to balance all relevant factors, including the private interests[4] of the parties and public-interest concerns,[5] such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991); *Reese*, 574 F.3d at 320. And, the Court should keep in mind that

---

[4] Private interests include convenience of the parties and witnesses, relative ease of access to sources of proof, availability of process to compel attendance of unwilling witnesses, cost of obtaining willing witnesses, and practical problems indicating where the case can be tried more expeditiously and inexpensively. *Smith*, 578 F.Supp.2d at 962.

[5] Public interests include enforceability of the judgment, practical considerations affecting trial management, docket congestion, local interest in deciding local controversies at home, public policies of the fora, and familiarity of the trial judge with the applicable state law. *Smith*, 578 F. Supp.2d at 262.

unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Id.*; *Smith*, 578 F.Supp.2d at 962.

Convenience of non-party witnesses, as opposed to parties or employee witnesses, is one of the most important factors in the transfer analysis. *Smith*, 578 F.Supp.2d at 963. Transfer of venue is inappropriate where it would serve only to transfer the inconvenience from one party to the other. *Diebold, Inc. v. Firstcard Financial Services, Inc.*, 104 F.Supp.2d 758, 764 (N.D. Ohio 2000).

The Court finds that transferring this case to New Jersey would simply trade the inconvenience to Defendants for the inconvenience to Plaintiffs. As noted, the Plaintiffs' choice of forum should rarely be disturbed. Defendants' claim that its employees are in New Jersey is not persuasive, since it is *non-party* witnesses whose inconvenience should be considered. Defendants' argument that one employee cannot travel to Tennessee is not persuasive either, since video depositions are readily available for use at trial. Moreover, any documents located at Defendants' office in New Jersey can be transported, faxed, e-mailed or otherwise sent to Tennessee.

The Court, in its discretion, finds that the balance of hardships weighs in favor of Plaintiffs, and Defendants' Motion to Transfer is DENIED.

IT IS SO ORDERED.

                                                                                                      TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE